## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KUZMANICH<br>301 Iris Rd.<br>Cherry Hill, NJ 08003 | CIVIL ACTION |
| Plaintiff, | No. _____ |
| v. | |
| TARGET CORPORATION<br>1 Mifflin St.<br>Philadelphia, PA 19148 | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by David Kuzmanich (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Target Corporation (*hereinafter* referred to as "Defendant") for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et seq.*) and Pennsylvania common law.[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff has dual-filed claims of actual, perceived, record of disability discrimination, retaliation, and failure to accommodate with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff intends to amend his complaint to include the aforesaid claims under the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*) once such claims have been administratively exhausted with the EEOC and the EEOC issues a right-to-sue letter. Plaintiff also intends to amend his instant lawsuit to include the same claims under the Pennsylvania Human Relations Act ("PHRA") once his administrative remedies are fully exhausted with the PHRC.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a department store retailer with multiple locations throughout the United States, including the location that Plaintiff worked at in Philadelphia, PA (as identified in the above-captioned address).

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired to work for Defendant in or about July of 2011 and remained employed with Defendant for approximately seven (7) years until he was wrongfully terminated on or about June 8, 2018 (discussed further *infra*).

11. At the time of his separation from Defendant (on or about June 8, 2018), Plaintiff was employed as a Maintenance Mechanic.

12. Throughout his tenure with Defendant, Plaintiff was a dedicated and hard-working employee and prior to August of 2017, Plaintiff lacked any significant disciplinary history.

13. On or about August 4, 2017, Plaintiff suffered a work-related injury while performing work for Defendant and reported same to Defendant's management.

14. As a result of his work-related injuries (discussed *supra*), Plaintiff filed a workers' compensation claim and sought medical treatment.

15. Following his August 4, 2017 work-related injury, Plaintiff began to suffer from a serious health condition related to his ankle and requested light-duty work because he had some work restrictions.

16. In retaliation for filing a workers' compensation claim and requesting accommodations for the health conditions that stemmed from his work-related injury, Defendant's management subjected Plaintiff to hostility and animosity, including but not limited to:

      i. Failing to adhere to Plaintiff's aforesaid work restrictions and instead assigning him tasks that fell outside of his light-duty request;

      ii. Pretextually reprimanding Plaintiff; and

      iii. Treating Plaintiff in a rude and demeaning manner.

17. Approximately three weeks after his aforesaid work-related injury, Plaintiff's health condition grew worse and he was placed in an orthopedic boot, which decreased his mobility.

18. Shortly after being placed in a orthopedic boot, Defendant's HR department, specifically Dara Mehler (*hereinafter* "Ms. Mehler"), finally met with Plaintiff to determine if they could accommodate his aforesaid disabilities.

19. Approximately 1.5 weeks after Plaintiff's aforementioned meeting with Ms. Mehler, he was placed out of work on a medical leave because Defendant's Human Resources ("HR") department indicated they could not accommodate his health conditions.

20. Plaintiff asked Ms. Mehler during his aforementioned meeting with her (well after he sustained his work-related injury – discussed *supra*) if this meeting should have taken place when he was first injured and began suffering from health conditions. In response, Ms. Mehler agreed that a meeting should have taken place sooner than it had but she did not know what she was doing.

21. Plaintiff was thereafter placed on an FMLA-qualifying medical leave of absence from in or about September of 2017 through in or about January of 2018.

22. Upon his return to work from medical leave in or about January of 2018, Plaintiff complained to Defendant's District HR Manager, one Dana Ricciardi, that he believed his workers' compensation claim was mishandled by Ms. Mehler, including but not limited to that

4

she had failed to have an interactive meeting with Plaintiff to determine if he could be accommodated when he first informed them that he had restrictions and needed accommodations.

23. Almost immediately upon his return to work following his medical leave and after complaining to Ms. Ricciardi (discussed *supra*), Plaintiff began to be subjected to increased hostility and animosity, including but not limited to being issued various pretextual disciplines.

24. On or about June 8, 2018, Plaintiff was terminated from his employment with Defendant after 7 years of dedicated service for alleged performance issues. However, Plaintiff was never informed that his performance was an issue prior to his workers' compensation claim and medical leave.

25. Plaintiff believes and therefore avers that his termination was completely pretextual, as he was terminated (1) shortly after seeking workers' compensation benefits; (2) after being subjected to multiple forms of hostility following his workers' compensation claim and request for reasonable accommodations due to the health conditions stemming from his work-related injury; (3) at a time when he was confiding in Defendant's management about his aforesaid health conditions; (4) in close proximity to returning from an FMLA-qualifying leave of absence; and (5) after complaining to Defendant's management that he believed his workers' compensation claim was mishandled by Ms. Mehler, including but not limited to that she had failed to have an interactive meeting with Plaintiff to determine if he could be accommodated when he first informed them that he had restrictions and needed accommodations.

### First Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Retaliation & Interference)

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

28. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

29. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

30. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

31. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

32. Defendant committed interference and retaliation violations of the FMLA by (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) considering Plaintiff's FMLA needs in making the decision to terminate his employment; and (3) by taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA, including but not limited to issuing Plaintiff pretextual and retaliatory discipline.

33. These actions as aforesaid constitute violations of the FMLA.

## Second Cause of Action
## Common-Law Wrongful Discharge
### (Public Policy Violation)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking workers' compensation benefits and/or for his work-related injuries (as discussed *supra*).

36. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

37. The antagonism that Plaintiff faced between filing a claim for workers' compensation and his termination creates an inference that his termination was in retaliation for making such a claim.

38. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 29, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| David Kuzmanich | : | CIVIL ACTION |
| v. | : | |
| Target Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 1/29/2019 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 301 Iris Road, Cherry Hill, NJ 08003

Address of Defendant: 1 Mifflin Street, Philadelphia, PA 19148

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/29/2019    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A. Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

*B. Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 1/29/2019    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KUZMANICH, DAVID

**DEFENDANTS**
TARGET CORPORATION

(b) County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601)
Brief description of cause:
Violations of the FMLA and Pennsylvania common law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 1/29/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print    Save As...    Reset